1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| NOVADAQ TECHNOLOGIES, INC., | ) | Case No. 5:14-cv-04853-PSG |
| Plaintiff, | ) ) | **ORDER RE:  MOTION TO COMPEL** |
| v. | ) ) | **(Re:  Docket No. 58)** |
| KARL STORZ GMBH & CO. KG, et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff Novadaq Technologies Inc. presents five issues in its motion to compel.[1]

***First***, Novadaq moves to compel Defendants to produce all relevant documents in response to specific document requests from Novadaq, not just "representative" documents Defendants have agreed to produce.  The court GRANTS Novadaq's request.  All documents must be produced no later than April 29, 2015.

***Second***, Novadaq moves to compel Defendants to produce documents with metadata that identifies the custodian and file location of the document.   In the absence of an enforceable agreement, the undersigned is not yet persuaded that file location information is necessary as part of the metadata collection required in this case.  On that basis, the request is DENIED.  If Novadaq can show the court why the location information is necessary, and provide a specific argument as

---

[1] *See* Docket No. 58.

1

Case No. 5:14-cv-04853-PSG
ORDER RE:  MOTION TO COMPEL

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

to what that file location information will do materially to advance this case, the undersigned will consider a further motion.

**Third**, Novadaq moves to compel Defendants to identify the custodians from which they collected documents.  The court GRANTS this request.  For any document produced on or before April 23, 2015, both parties shall produce custodial information by April 29, 2015.   For any documents produced in the future, both parties shall produce custodial information together with the production.

**Fourth**, Novadaq moves to compel as many as 13 fact witness depositions and two 30(b)(6) depositions.  Because Novadaq represents that it might reduce the number of depositions it seeks to take based on a review of documentation, this request is DENIED as premature.  If necessary, Novadaq may renew this request along with a motion to shorten time.

**Fifth**, Novadaq moves to compel Defendants to produce German-based witnesses for deposition in either the United States or London.  In resolving this dispute, the court may consider:

> (1) The parties' convenience and relative hardships to attend the designated location; (2) Cost of transportation and lost work to the defendant; (3) Expense and inconvenience to move voluminous documents; (4) Whether the parties' counsel are located in the forum district; (5) Whether the defendant is a large corporation whose employees often travel; (6) Whether significant discovery disputes may arise and judicial economy favors resolution by the forum court or other similar concerns; and (7) Whether the parties' claims and parties' relationship are such that appropriate adjustment of the equities favors a deposition site in the forum district.[2]

Novadaq filed this suit in the United States.  Defendant Karl Storz Endoscopy-America is a company organized under the laws of the State of California, has its principal place of business in California and conducts business transactions within this District.[3]  Defendants do not contest

---

[2] *Willis v. Mullins*, Case No. 04-cv-06542-LJO, 2006 U.S. Dist. LEXIS 35627, at *17-18 (E.D. Cal. Feb. 8, 2006).

[3] *See* Docket No. 1 at 2-3.

Case No. 5:14-cv-04853-PSG
ORDER RE:  MOTION TO COMPEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

venue in this district.[4]   In addition, this case would require counsel to fly around the world to take

depositions and both parties have presences in the forum district.   Considering these key factors,

the court finds that the most equitable solution is to order that all depositions of foreign-based party

witnesses take place in the Northern District of California.[5]

**SO ORDERED.**

Dated:  April 23, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

_____

[4] *See* Docket No. 22 at 1.

[5] To the extent that parties reach an agreement setting different parameters for deposing foreign-based party witnesses, the parties are welcome to stipulate to that effect.  But in the absence of a stipulation, this is the rule that will apply.

Case No. 5:14-cv-04853-PSG
ORDER RE:  MOTION TO COMPEL