UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NOVADAQ TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> KARL STORZ GMBH & CO. KG and KARL STORZ ENDOSCOPY-AMERICA, INC. <br><br> Defendants. | Case No. 5:14-cv-04853-PSG <br><br> **ORDER RE: MOTIONS TO SEAL** <br><br> (Re: Docket Nos. 100, 106, 115) |

Before the court are three administrative motions to seal 31 documents. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

1

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[4]  Records attached to nondispositive motions therefore are not subject to the strong presumption of access.[5]  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6]  As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8]  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9]  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to

---

[4] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12] "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

With these standards in mind, the court rules on the instant motions as follows:

| **Motion to Seal** | **Document to be Sealed** | **Result** | **Reason/Explanation** |
|---|---|---|---|
| Docket No. 100-3 | Novadaq's Opposition to Defendant's Motion for Protective Order Regarding Dr. Storz | 4:10-15 and 14:16-19 SEALED.  All other highlighted designations UNSEALED. | Only sealed portions narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-5 | Exhibit 1 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-6 | Exhibit 2 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-7 | Exhibit 3 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-8 | Exhibit 4 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |

---

[12] Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1).

3

Case No. 5:14-cv-04853-PSG
ORDER RE: MOTIONS TO SEAL

United States District Court
For the Northern District of California

| | | | |
|---|---|---|---|
| Docket No. 100-9 | Exhibit 5 to the Foran Declaration | SEALED. | Narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-10 | Exhibit 6 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-11 | Exhibit 7 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-12 | Exhibit 8 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-13 | Exhibit 9 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-14 | Exhibit 10 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-15 | Exhibit 11 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-16 | Exhibit 12 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-17 | Exhibit 13 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-18 | Exhibit 17 to the Foran Declaration | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| Docket No. 100-19 | Exhibit 18 to the Foran Declaration | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |

4

Case No. 5:14-cv-04853-PSG
ORDER RE: MOTIONS TO SEAL

| Docket No. 100-20 | Exhibit 19 to the Foran Declaration | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
|---|---|---|---|
| Docket No. 100-21 | Exhibit 20 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-22 | Exhibit 21 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-23 | Exhibit 22 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-24 | Exhibit 23 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-25 | Exhibit 24 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-26 | Exhibit 25 to the Foran Declaration | SEALED. | Narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-27 | Exhibit 26 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-29 | Exhibit 28 to the Foran Declaration | UNSEALED. | Not narrowly tailored to confidential business or trade secret information. |
| Docket No. 100-30 | Exhibit 29 to the Foran Declaration | Doc. 1, Doc. 2., Doc. 3. and Doc. 4 SEALED. All other portions UNSEALED. | Only sealed portions narrowly tailored to confidential business or trade secret information. |
| Docket No. 106-5 | Novadaq's Opposition to Karl Storz's Motion for Leave To File Its Amended | UNSEALED. | No declaration in support filed with the court as required by |

5

Case No. 5:14-cv-04853-PSG
ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| | Answer and Counterclaims | | Civ. L.R. 79-5(e)(1). |
| Docket No. 106-7 | Exhibit 4 to the Foran Declaration | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| Docket No. 106-8 | Exhibit 6 to the Foran Declaration | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| Docket No. 115-2 | Karl Storz's Reply in Support of Motion for Leave to File its Amended Answer and Counterclaims | Designations highlighted in yellow SEALED. | Narrowly tailored to confidential business information. |
| Docket No. 115-3 | Exhibit B to the Welsh Declaration | SEALED. | Narrowly tailored to confidential business information. |

Within seven days, the designating party may file a more narrowly tailored motion to file under seal. Pursuant to Civ. L.R. 79-5, a proposed order must contain a chart specifically showing what the party seeks to seal. An unredacted version must contain highlighting showing the court what the designating party seeks to seal within that document.

**SO ORDERED.**

Dated:  June 16, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

6

Case No. 5:14-cv-04853-PSG
ORDER RE: MOTIONS TO SEAL