1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   NOVADAQ TECHNOLOGIES, INC.,

Plaintiff,

8

9           v.

10   KARL STORZ GMBH & CO. K.G., et al.,

Defendants.

11

Case No. 14-cv-04853-PSG

**OMNIBUS ORDER RE: MOTIONS TO SEAL**

**(Re:  Docket Nos. 272, 280, 282, 293, 297, 302, 307, 311)**

12       Before the court are eight administrative motions to seal.[1]  "Historically, courts have

13   recognized a 'general right to inspect and copy public records and documents, including judicial

14   records and documents.'"[2]  Accordingly, when considering a sealing request, "a 'strong

15   presumption in favor of access' is the starting point."[3]  Parties seeking to seal judicial records

16   relating to dispositive motions bear the burden of overcoming the presumption with "compelling

17   reasons" that outweigh the general history of access and the public policies favoring disclosure.[4]

18       However, "while protecting the public's interest in access to the courts, we must remain

19   mindful of the parties' right to access those same courts upon terms which will not unduly harm

20   their competitive interest."[5]  Records attached to nondispositive motions therefore are not subject

21

---

22   [1] *See* Docket Nos. 272, 280, 282, 293, 297, 302, 307, 311.

23   [2] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v.*
24   *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

25   [3] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

26   [4] *Id.* at 1178-79.

27   [5] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

28

United States District Court
Northern District of California

1

Case No. 14-cv-04853-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

to the strong presumption of access.[6]  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[7]  As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[8] that "specific prejudice or harm will result" if the information is disclosed.[9]  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[10]  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[11] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[12]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[13]  "Within 4 days of the filing of the Administrative

[6] *See id.* at 1180.

[7] *Id.* at 1179 (internal quotations and citations omitted).

[8] *Id.*

[9] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[10] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[11] *See Kamakana,* 447 F.3d at 1179-80.

[12] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

[13] Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed

Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[14]

With these standards in mind, the court rules on the instant motions as follows:

| Motion to Seal | Document to be Sealed | Result | Reason/Explanation |
|---|---|---|---|
| 272 | Letter Brief in Opposition to Novadaq's Request re: Heather Arnold | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 272 | Exhibit A to the Letter Brief | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 280 | Exhibit C to the Taylor Declaration | Designations highlighted in yellow at Docket No. 280-4 SEALED; all other designations UNSEALED. | Designated portions narrowly tailored to confidential business information. |
| 280 | Exhibit D to the Taylor Declaration | Designations highlighted in yellow at Docket No. 280-6 SEALED; all other designations UNSEALED. | Designated portions narrowly tailored to confidential business information. |
| 280 | Exhibit E to the Taylor Declaration | Designations highlighted in yellow at Docket No. 280-8 SEALED; all other designations UNSEALED. | Designated portions narrowly tailored to confidential business information. |

United States District Court
Northern District of California

order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[14] Civ. L.R. 79-5(e)(1).

3

| 282 | Novadaq's Motion to Exclude Expert Testimony from Jesse David | Designations highlighted in yellow at Docket No. 282-4 SEALED; all other designations UNSEALED. | Designated portions narrowly tailored to confidential business information. |
|---|---|---|---|
| 293 | Defendants' Opposition to Novadaq's Motion to Exclude Expert Testimony from Jesse David | Designations highlighted in yellow at Docket No. 293-3 on pages 10-11, 13-14 SEALED; all other designations UNSEALED. | Only sealed designated portions narrowly tailored to confidential business information. |
| 297 | Novadaq's Motion for Leave to File Motion for Reconsideration of Order Granting Summary Judgment of No Willful Infringement | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 302 | Exhibit B to the Taylor Declaration | Designations highlighted in black at Docket No. 319-1 SEALED; all other designations UNSEALED. | Designated portions narrowly tailored to confidential business information. |
| 302 | Exhibit C to the Taylor Declaration | UNSEALED | Designating party has indicated that document may be filed publicly.[15] |
| 302 | Exhibit E to the Taylor Declaration | UNSEALED | Designating party has indicated that document may be filed publicly.[16] |
| 302 | Exhibit H to the Taylor Declaration | Designations highlighted in black at Docket No. 319-2 SEALED; all other designations UNSEALED. | Designated portions narrowly tailored to confidential business information. |

[15] *See* Docket No. 319 at ¶ 5.

[16] *See id.*

Case No. 14-cv-04853-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

| 307 | Defendants' Omnibus Motion in Limine | UNSEALED | Designated portions are not confidential business information. |
|---|---|---|---|
| 307 | Exhibit 3 to the Lavine Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 311 | Novadaq's Reply in Support of Motion to Exclude Expert Testimony from Jesse David | Designations highlighted in yellow at Docket No. 311-3 SEALED; all other designations UNSEALED. | Designated portions narrowly tailored to confidential business information. |

**SO ORDERED.**

Dated: November 25, 2015

PAUL S. GREWAL
United States Magistrate Judge

Case No. 14-cv-04853-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL