UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVADAQ TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KARL STORZ GMBH & CO. K.G., et al.,<br><br>Defendants. | Case No. 14-cv-04853-PSG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AND MOTION FOR RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**<br><br>**(Re:  Docket No. 298)** |

Plaintiff Novadaq Technologies, Inc. asks the court to revisit its order granting summary judgment on the issue of willful trademark infringement to Defendants Karl Storz GmbH & Co. KG and Karl Storz Endoscopy-America, Inc.[1]  Because the court is persuaded that Novadaq has identified triable issues of fact, Novadaq's motion for leave to file and its motion for reconsideration are GRANTED under Civ. L.R. 7-9(b).

In its order, the court found that "the facts that Novadaq cites could not lead a reasonable jury to find that Karl Storz deliberately intended to deceive customers."[2]  As Novadaq points out, however, "[w]illfulness [also] can be established by evidence of knowing conduct or by evidence that the defendant acted with 'an aura of indifference to plaintiff's rights'—in other words, that the defendant willfully blinded himself to facts that would put him on notice that he was infringing another's trademarks, having cause to suspect it."[3]  Karl Storz does not dispute Novadaq's

---

[1] *See* Docket No. 292 at 11-13; Docket No. 297-3.

[2] Docket No. 292 at 12.

[3] *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007) (quoting *Philip*

Case No. 14-cv-04853-PSG
ORDER GRANTING MOTION FOR LEAVE TO FILE AND MOTION FOR
RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT OF NO WILLFUL
INFRINGEMENT

United States District Court
Northern District of California

contention that Karl Storz employees, including its head Dr. Sybill Storz, were aware of Novadaq's marks.[4]  Further, as the court's order recognized, Karl Storz executives knew about "the possibility that their products might be confused with Novadaq's."[5]  Karl Storz employee William Schnorr even expressed concern that Karl Storz might be "hit with a lawsuit" if it stuck with the SPIES name.[6]  Even if this evidence does not suggest that Karl Storz acted with "deliberate intent to deceive,"[7] it still could lead a reasonable jury to conclude that Karl Storz was willfully blind to the possibility that it would infringe Novadaq's mark.  The issue of willful infringement must go before the jury.[8]

---

*Morris USA v. Banh*, Case No. 03-cv-04043, 2005 WL 5758392, at *6 (C.D. Cal. Jan. 14, 2005)); *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1476 (11th Cir. 1991) (holding that willful blindness could provide requisite intent or bad faith and is generally a question of fact); *Monster Cable Prods., Inc. v. Discovery Commc'ns, Inc.*, Case No. 03-cv-03250, 2004 WL 2445348, at *9 (N.D. Cal. Nov. 1, 2004) ("[T]here is presumably an intent to deceive 'where the alleged infringer adopted his mark with knowledge, actual or constructive, that it was another's trademark.'" (quoting *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1059 (9th Cir. 1999))); *cf. Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2d Cir. 2001) ("Willfulness in [the copyright infringement] context means that the defendant 'recklessly disregarded' the possibility that 'its conduct represented infringement.'" (quoting *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999)).

[4] *See* Docket No. 271 at 84:12-16.

[5] Docket No. 292 at 12 (citing Docket No. 247-8 at 72:22-74:17, 111:9-112:12); *see also* Docket No. 248-59.

[6] Docket No. 247-27.

[7] *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015) (quoting *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993), *superseded by statute on other grounds*, Trademark Amendments Act of 1999, Pub. L. No. 106-43, 113 Stat. 218).

[8] Civ. L.R. 7-9(b)(3) requires the party seeking reconsideration to have presented the legal argument to the court before the court issued the order at issue.  Novadaq specifically raised the argument of willful blindness to the court in oral arguments on the motion for summary judgment. *See* Docket No. 271 at 78:17-80:25.

2

Case No. 14-cv-04853-PSG
ORDER GRANTING MOTION FOR LEAVE TO FILE AND MOTION FOR
RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT OF NO WILLFUL
INFRINGEMENT

United States District Court
Northern District of California

**SO ORDERED.**

Dated: December 11, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

United States District Court
Northern District of California

3

Case No. 14-cv-04853-PSG
ORDER GRANTING MOTION FOR LEAVE TO FILE AND MOTION FOR
RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT OF NO WILLFUL
INFRINGEMENT