UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVADAQ TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KARL STORZ GMBH & CO. K.G., et al., <br><br> Defendants. | Case No. 14-cv-04853-PSG <br><br> **AMENDED ORDER RE: MOTION FOR CLARIFICATION** <br><br> **(Re:  Docket No. 349)** |

Late last Friday, the court granted a motion by Plaintiff Novadaq Technologies, Inc. to reconsider the court's summary judgment order and send the issue of willful infringement to the jury.[1]  On Sunday night, Defendants Karl Storz GmbH & Co. K.G. and Karl Storz Endoscopy-America, Inc. filed the instant motion, in which they ask the court (1) to clarify the reconsideration order, (2) for leave to file a motion to reconsider the reconsideration order and (3) to continue the trial currently set for January 4, 2016.[2]  Novadaq opposes all of these requests.[3]  After considering the parties' papers and their arguments at yesterday's pretrial conference, the court GRANTS the motion for clarification and DENIES the remaining relief that Karl Storz seeks.

In the reconsideration order, the court found that Novadaq had presented sufficient evidence from which a jury could conclude that Karl Storz had willfully blinded itself to the risk that it infringed Novadaq's trademarks.[4]  In so doing, Karl Storz argues, the court ran afoul of

---

[1] *See* Docket No. 343.

[2] *See* Docket No. 349.

[3] *See* Docket No. 353-4.

[4] *See* Docket No. 343 at 1-2 (quoting *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1123

1
Case No. 14-cv-04853-PSG
AMENDED ORDER RE: MOTION FOR CLARIFICATION

*Global-Tech Appliances, Inc. v. SEB S.A.*, in which the Supreme Court identified two requirements for willful blindness: "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact."[5] However, an omission can constitute such a deliberate action. For example, in *Global-Tech*, when the defendant asked a patent attorney for a right-to-use opinion, the defendant withheld information about a very similar competing product that turned out to be patented.[6] "[T]his evidence was more than sufficient for a jury to find that . . . [the defendant] took deliberate steps to avoid knowing" about the patent.[7] Similarly, as the court explained in its reconsideration order, a jury in this case could conclude that Karl Storz knew about the risk of infringement but intentionally avoided researching the possibility.[8] The operative issue is not merely whether Karl Storz knew about Novadaq's mark—which Karl Storz concedes that it did[9]—but whether it then deliberately avoided exploring the likelihood of confusion. Karl Storz protests that it cleared its trademark with the U.S. Patent and Trademark Office,[10] but that might not be enough to persuade a reasonable jury.[11]

Karl Storz also asks the court to clarify that Novadaq may not receive unjust enrichment or

---

(C.D. Cal. 2007)).

[5] 131 S. Ct. 2060, 2071 (2011).

[6] *See id.*

[7] *Id.* at 2072; *cf. Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1373 (Fed. Cir. 2015) (finding that a reasonable jury could find willful blindness where the defendant received notice of a patent that its systems might infringe but failed to investigate further).

[8] *See* Docket No. 343 at 2.

[9] *See* Docket No. 349 at 10.

[10] *See id.*

[11] *Cf. Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.*, 80 F.3d 749, 753-54 (2d Cir. 1996) (finding that an infringer could have acted in bad faith by searching only for registered or pending federal trademarks instead of conducting a broader search).

2
Case No. 14-cv-04853-PSG
AMENDED ORDER RE: MOTION FOR CLARIFICATION

disgorgement damages. Here, although the jury could decide that Karl Storz was willfully blind to the possibility of infringement, no evidence in the record could lead a reasonable jury to find that Karl Storz deliberately set out to take advantage of Novadaq's mark.[12] Put another way—and drawing an admittedly fine distinction—a reasonable jury could find willful infringement, but not intent to infringe.

That intent is a precondition for unjust enrichment or disgorgement damages. This is a reverse confusion case, where the senior user claims a risk that its goods or services might be mistaken for the junior user's, not the opposite.[13] In such a case, as Novadaq has put it, because "the infringer (the 'junior user') is a large, established market player, . . . 'the junior user does not seek to trade on the good will and name of the senior user; instead he overwhelms it.'"[14] But in *Lindy Pen Co. v. Bic Pen Corp.*, the Ninth Circuit held that disgorgement is permitted "only in those cases where the infringement is 'willfully calculated to exploit the advantage of an established mark'"[15] or "where the defendant is 'attempting to gain the value of an established name of another.'"[16] An intent to exploit an existing mark "is necessarily absent in a reverse

---

[12] *See* Docket No. 292 at 11-13; Docket No. 343 at 1-2.

[13] *See M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1079 (9th Cir. 2005).

[14] Docket No. 297-3 at 5 (quoting *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 480 (3d Cir. 1994)); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 841 (9th Cir. 2002) ("In [a reverse confusion] case, the smaller senior user . . . seeks to protect its business identity from being overwhelmed by a larger junior user who has saturated the market with publicity."). Novadaq now argues that Karl Storz did in fact deliberately exploit Novadaq's mark. *See* Docket No. 353-4 at 6-9. Novadaq did not raise this argument when it sought reconsideration of the court's summary judgment order. *See* Docket No. 297-3 at 4-9. The court already has held that no reasonable jury could find willful infringement of that nature, and its reconsideration order did not disturb that ruling. *See* Docket No. 292 at 11-13; Docket No. 343 at 1-2.

[15] 982 F.2d 1400, 1405 (9th Cir. 1993), *superseded by statute on other grounds*, Trademark Amendments Act of 1999, Pub. L. No. 106-43, 113 Stat. 218 (quoting *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 921 (Fed. Cir. 1984)).

[16] *Id.* at 1406 (quoting *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 123 (9th Cir. 1968).

3
Case No. 14-cv-04853-PSG
AMENDED ORDER RE: MOTION FOR CLARIFICATION

confusion case,"[17] and *Lindy Pen* thus precludes an accounting of profits even if the defendant was willfully blind to the possibility of infringement.[18]

Of course, the Ninth Circuit in *Lindy Pen* also said that "[w]here trademark infringement is deliberate and willful, this court has found that a remedy no greater than an injunction 'slights' the public."[19] Novadaq correctly notes that this court's interpretation generally shields defendants in reverse confusion cases from having to disgorge their profits.[20] But *Lindy Pen* clearly holds that an accounting of profits from an infringer requires willful exploitation of the plaintiff's mark.[21] "Disgorging the infringer's significant profits without proof of trading off the mark holder's goodwill would still amount to a penalty to the infringer and a windfall to the trademark holder, . . . even if the infringer's conduct was otherwise intentional."[22]

Novadaq also points to the Ninth Circuit's opinion in *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, where it held that the intent factor of the *Sleekcraft* likelihood-

---

[17] *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 961 (7th Cir. 1992)

[18] *See Spin Master, Ltd. v. Zobmondo Entm't, LLC*, 944 F. Supp. 2d 830, 847-49 (C.D. Cal. 2012) ("*Lindy Pen* requires at least a showing of trading on the mark holder's established name as part of the willfulness required to justify disgorgement."); *see also Fitbug Ltd. v. Fitbit, Inc.*, Case No. 13-cv-01418, 2015 WL 3543116, at *3 (N.D. Cal. June 5, 2015) (quoting *Spin Master*, 944 F. Supp. 2d at 849) (citing *Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 988 (9th Cir. 1995)) ("[A] disgorgement theory clearly requires willfulness.  Moreover, a showing of intent to 'exploit the advantage of an established mark' and 'gain the value of an established name of another' is similarly necessary for disgorgement of profits.").

[19] 982 F.2d at 1405 (quoting *Playboy Enters., Inc. v. Baccarat Clothing Co., Inc.*, 692 F.2d 1272, 1274 (9th Cir. 1982)).

[20] At least one exception is "when plaintiff seeks the defendant's profits as a measure of his own damage," *Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 988 (9th Cir. 1995), though that would be unlikely in a reverse confusion case.

[21] *See* 982 F.2d at 1406-07.  Other circuits may be different.  *See Sands, Taylor & Wood*, 978 F.2d at 961 (implying that Seventh Circuit law permitted an award of defendant's profits in a reverse confusion case).  This court, however, must follow Ninth Circuit law.

[22] *Spin Master*, 944 F. Supp. 2d at 848-49.

4
Case No. 14-cv-04853-PSG
AMENDED ORDER RE: MOTION FOR CLARIFICATION

of-confusion analysis "favors the plaintiff where the alleged infringer adopted his mark with knowledge, actual or constructive, that it was another's trademark."[23]  Similarly, another court in this district has held that "there is presumably an intent to deceive 'where the alleged infringer adopted his mark with knowledge, actual or constructive, that it was another's trademark.'"[24]  But "the intent inquiry is altered in reverse confusion cases" like this one,[25] and neither *Brookfield Communications* nor *Monster Cable* considered the issue of unjust enrichment.  Willful infringement—specifically, willful infringement by willful blindness—will go to the jury.[26]  But Karl Storz' profits are out.[27]

**SO ORDERED.**

Dated: December 16, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[23] 174 F.3d 1036, 1059 (9th Cir. 1999); *see also AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 354 (9th Cir. 1979).  As the court in *Spin Master* noted, "the standard for willfulness to justify disgorgement" might diverge from the intent standard in other contexts, including the *Sleekcraft* analysis.  944 F. Supp. 2d at 847 n.16.

[24] *Monster Cable Prods., Inc. v. Discovery Commc'ns, Inc.*, Case No. 03-cv-03250, 2004 WL 2445348, at *9 (N.D. Cal. Nov. 1, 2004) (quoting *Brookfield Commc'ns*, 174 F.3d at 1059).

[25] *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, Case No. 11-cv-04991, 2013 WL 4528539, at *16 (N.D. Cal. Aug. 23, 2013).

[26] Novadaq's "evidence of willfulness may be relevant for other purposes (such as treble damages and attorney's fees—matters the [c]ourt does not decide at this time)." *Spin Master*, 944 F. Supp. 2d at 849.

[27] The court does not reach whether the jury may still award Novadaq the damages that it sustained.  *See* 15 U.S.C. § 1117(a) (allowing recovery of "any damages sustained by the plaintiff").  Novadaq argues that it has disclosed these damages and is entitled them to receive in the event the jury finds infringement.  *See* Docket No. 338 at 2-5.